NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PEDRO NORIEGA and PEDRO
NORIEGA, Sr.,

    Plaintiffs-Appellants,

 v.

UNITED STATES OF AMERICA,

    Defendant-Appellee.

No.  15-15651

D.C. No. 2:14-cv-01827-DLR

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted March 14, 2017[**]
San Francisco, California

Before: FERNANDEZ, MURGUIA, and WATFORD, Circuit Judges.

 Plaintiff-Appellant Pedro Noriega, Jr. ("Noriega") filed an administrative

claim with the U.S. Customs and Border Protection ("CBP") seeking damages

under the Federal Tort Claims Act ("FTCA") after a CBP truck collided with a golf

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

cart in which Noriega was riding. CBP concluded that the CBP truck driver did not act negligently or wrongfully and therefore denied Noriega's claim. Noriega then filed a federal lawsuit approximately eight months after receiving the CBP denial letter. The lawsuit was brought on behalf of Noriega and Noriega's father, Pedro Noriega, Sr., who sought loss of consortium damages. The district court granted summary judgment in favor of defendant-appellee. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. We review a district court's grant of summary judgment *de novo*. *Sierra Club v. BLM*, 786 F.3d 1219, 1223 (9th Cir. 2015). Under the FTCA, "a tort claim against the United States shall be *forever barred* unless . . . [the] action is begun *within six months* after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added). Since Noriega's federal lawsuit was filed more than six months after he received the CBP denial letter, his lawsuit is "forever barred." *Id.*

Noriega argues that CBP does not have authority to "adjust" claims that seek more than $50,000. We must construe a regulation "to give effect to the natural and plain meaning of its words." *Crown Pac. v. Occupational Safety & Health Review Comm'n*, 197 F.3d 1036, 1038 (9th Cir. 1999) (citation omitted). To "adjust" is to "determine the amount that an insurer will pay an insured to cover a loss," while a "determination" is defined as a "final decision by a court or

2

administrative agency." *Black's Law Dictionary* 48, 514 (9th ed. 2009).  Under the plain meaning of these words, CBP's denial letter was a "determination," not an "adjustment."  The FTCA and its implementing regulations make clear that the CBP, as a division of the U.S. Department of Homeland Security, can "determine" claims without receiving approval from the Attorney General so long as the determination does not result in a payment of over $50,000.  28 U.S.C. § 2672; 28 C.F.R. Pt. 14, App.  CBP therefore had authority to issue the denial letter.

2.  Noriega, Sr.'s claim is similarly barred.  Under the FTCA, a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b).  Noriega, Sr. argues that his claim seeks recovery for a continuing tort, so he may present the claim to CBP at any time.  A continuing tort is "continuing wrongful *conduct*," and "the statute of limitations doesn't begin to run until that *conduct* ends."  *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002) (emphasis added).  Here, Noriega, Sr. seeks recovery only for his alleged ongoing injuries.  The conduct that gave rise to his ongoing injuries began and ended October 3, 2012, the date of the accident.  Since more than two years have passed since that date, Noriega, Sr. is now statutorily barred from presenting his claim to CBP.  Even assuming that Noriega, Sr. could bring a continuing tort claim, Noriega, Sr. has never actually presented his claim for loss of consortium to

3

any federal agency, so he cannot be a party to this lawsuit.  28 U.S.C. § 2401(b).

**AFFIRMED.**